Stephen D. Raber (State Bar No. 121958)
David M. Horniak (State Bar No. 268441)
Joelle S. Perry (State Bar No. 275244)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
E-mail:  sraber@wc.com
E-mail:  dhorniak@wc.com
E-mail:  jperry@wc.com

*Attorneys for Defendants Mars, Inc. and
Mars Chocolate North America, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LINDA CHESLOW and MIKE XAVIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARS, INC. and MARS CHOCOLATE NORTH AMERICA, LLC,<br><br>Defendants. | **Case No. 15-04454-LB**<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>**CLASS ACTION** |

Defendants Mars, Inc. and Mars Chocolate North America, LLC (collectively "Mars"), hereby answer Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). Mars's Answer and Affirmative Defenses ("Answer") is based on its investigation to date, and Mars reserves the right to supplement or amend this Answer during the course of litigation as new information is discovered. Mars denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below, and specifically denies any and all wrongdoing or liability to Plaintiffs and members of the putative class of persons on whose behalf the Complaint is said to be brought. To the extent a response is required to the headings, footnotes, and any unnumbered paragraphs in the Complaint, Mars denies any and all allegations

of wrongdoing or liability contained therein.  The answers herein are made on behalf of both Defendants, except where otherwise stated.

1. The allegations of Paragraph 1 state legal conclusions to which no response is required.  To the extent a response is required, Mars denies the allegations of Paragraph 1.

2. Mars admits that the words "Vanilla Flavored Ice Cream" appear on the labels of M&M's Ice Cream Cookies, M&M's Ice Cream Cones, and Twix Ice Cream Bars.  Mars otherwise denies the allegations of Paragraph 2.

3. Mars denies the allegations of Paragraph 3.

4. The allegations of Paragraph 4 state legal conclusions to which no response is required.  To the extent a response is required, Mars refers to the portion of the Federal Register referred to in Paragraph 4 for the actual language and complete content.  Mars otherwise denies the allegations of Paragraph 4.

5. Mars denies the allegations of Paragraph 5.

6. Mars denies the allegations of Paragraph 6.

7. Mars denies the allegations of Paragraph 7.

8. Mars admits that, according to this paragraph, Plaintiffs "seek only declaratory and injunctive relief and attorneys' fees, costs and expenses incurred in obtaining such relief," and "do not seek monetary relief such as damages or restitution on behalf of either themselves or the Class."  Mars denies Plaintiffs are entitled to any relief.

9. Mars denies the allegations of Paragraph 9.

10. Mars denies the allegations of Paragraph 10.

11. Mars admits the allegations in the first sentence of Paragraph 11.  Mars admits that Mars, Inc. owns certain trademarks for "M&M's," "Twix," and "Dove."  Mars denies the remaining allegations of Paragraph 11.

12. Mars admits the allegations of Paragraph 12.

13. The allegations of Paragraph 13 state legal conclusions to which no response is required.  To the extent a response is required, for purposes of this action only, Mars does not

1 contest that venue is proper in this Court and does not contest that this Court has personal jurisdiction over Mars. Mars otherwise denies the allegations of Paragraph 13.

14. The allegations of Paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, for purposes of this action only, Mars does not contest that venue is proper in this Court and does not contest that this Court has personal jurisdiction over Mars. Mars denies that it has committed any wrongdoing in California and otherwise denies the allegations of Paragraph 14.

15. The allegations of Paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, Mars refers to the statutes referred to in Paragraph 15 for the actual language and complete content. Mars otherwise denies the allegations of Paragraph 15.

16. The allegations of Paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, Mars refers to the statutes referred to in Paragraph 16 for the actual language and complete content. Mars otherwise denies the allegations of Paragraph 16.

17. The allegations of Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, Mars refers to the regulations referred to in Paragraph 17 for the actual language and complete content. Mars otherwise denies the allegations of Paragraph 17.

18. The allegations of Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, Mars refers to the regulations referred to in Paragraph 18 for the actual language and complete content. Mars otherwise denies the allegations of Paragraph 18.

19. The allegations of Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, Mars denies the allegations of Paragraph 19.

20. The allegations of Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, Mars refers to the regulations referred to in

Paragraph 20 for the actual language and complete content.  Mars otherwise denies the allegations of Paragraph 20.

21. Mars lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21 and, on that basis, denies them.

22. The allegations of Paragraph 22 state legal conclusions to which no response is required.  To the extent a response is required, Mars refers to the portion of the Federal Register referred to in Paragraph 22 for the actual language and complete content.  Mars otherwise denies the allegations of Paragraph 22.

23. The allegations of Paragraph 23 state legal conclusions to which no response is required.  To the extent a response is required, Mars refers to the portion of the Federal Register referred to in Paragraph 23 for the actual language and complete content.  Mars otherwise denies the allegations of Paragraph 23.

24. The allegations of Paragraph 24 state legal conclusions to which no response is required.  To the extent a response is required, Mars refers to the regulation referred to in Paragraph 24 for the actual language and complete content.  Mars otherwise denies the allegations of Paragraph 24.

25. Mars admits that the words "Vanilla Flavored Ice Cream" appear on the labels of M&M's Ice Cream Cookies, M&M's Ice Cream Cones, and Twix Ice Cream Bars.  Mars otherwise denies the allegations of Paragraph 25.

26. Mars denies the allegations of Paragraph 26 and footnote 3.

27. Mars denies the allegations of Paragraph 27.

28. Mars denies the allegations of Paragraph 28.

29. Mars admits that the ingredients lists for M&M's Ice Cream Cookies, M&M's Ice Cream Cones, and Twix Ice Cream Bars disclose the products' ingredients, including any artificial flavors.  Mars otherwise denies the allegations of Paragraph 29.

30. Mars admits that as of the date of the Complaint, it offered for sale the products listed in Paragraph 30.

31. Mars admits that Plaintiffs purport to have attached examples of product labels to their Complaint, but otherwise denies the allegations of Paragraph 31.

32. Mars admits that as of the date of the Complaint, "Vanilla Flavored Ice Cream" appears on the labels of some M&M's Ice Cream Cookies offered for sale in California. Mars otherwise denies the allegations of Paragraph 32.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Mars admits that "artificial flavor" appears in the ingredient list of some M&M's Ice Cream Cookies offered for sale in California. Mars otherwise denies the allegations of Paragraph 33.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Mars admits that "artificial flavor" appears in the ingredient list of some M&M's Ice Cream Cookies offered for sale in California. Mars otherwise denies the allegations of Paragraph 34.

35. Mars denies the allegations of Paragraph 35.

36. Mars admits that as of the date of the Complaint, "Vanilla Flavored Ice Cream" appears on the labels of some Twix Ice Cream Bars offered for sale in California. Mars otherwise denies the allegations of Paragraph 36.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Mars admits that "artificial flavor" appears in the ingredient list of some Twix Ice Cream Bars offered for sale in California. Mars otherwise denies the allegations of Paragraph 37.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Mars admits that "artificial flavor" appears in the ingredient list of some Twix Ice Cream Bars offered for sale in California. Mars otherwise denies the allegations of Paragraph 38.

39. Mars denies the allegations of Paragraph 39.

40. Mars admits that as of the date of the Complaint, "Vanilla Flavored Ice Cream" appears on the labels of some M&M's Ice Cream Cones offered for sale in California. Mars otherwise denies the allegations of Paragraph 40.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, Mars admits that "artificial flavor" appears in the ingredient list of some M&M's Ice Cream Cones offered for sale in California. Mars otherwise denies the allegations of Paragraph 41.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, Mars admits that "artificial flavor" appears in the ingredient list of some M&M's Ice Cream Cones offered for sale in California. Mars otherwise denies the allegations of Paragraph 38.

43. Mars denies the allegations of Paragraph 43.

44. Mars denies the allegations of Paragraph 44.

45. Mars denies the allegations of Paragraph 45.

46. Mars admits it received a letter from Plaintiffs' counsel dated April 29, 2015, purporting to provide Mars with notice required by sections 1782(a)(1) and (2) of the Consumers Legal Remedies Act, as reflected in Exhibit F to Plaintiffs' Complaint.

47. Mars denies the allegations of Paragraph 47.

48. Mars admits the allegations of Paragraph 48.

49. Mars denies the allegations of Paragraph 49.

50. Mars admits Plaintiffs purport to bring this action as a class action on behalf of the class described in Paragraph 50. Mars denies that class treatment is appropriate, denies that Plaintiffs are adequate class representatives, and otherwise denies the allegations of Paragraph 50.

51. Mars admits Plaintiffs purport to exclude the persons listed in Paragraph 51 from the putative class. Mars denies that class treatment is appropriate, denies that Plaintiffs are adequate class representatives, and otherwise denies the allegations of Paragraph 51.

52. Mars denies the allegations of Paragraph 52.

53. Mars admits Plaintiffs purport to bring this action on behalf of a class of thousands. Mars denies that class treatment is appropriate, denies that Plaintiffs are adequate class representatives, and otherwise denies the allegations of Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Mars denies the allegations of Paragraph 54.

55. Mars denies the allegations of Paragraph 55, including subparts.

56. Mars denies the allegations of Paragraph 56.

57. Mars denies the allegations of Paragraph 57.

58. Mars denies the allegations of Paragraph 58.

59. Mars denies the allegations of Paragraph 59.

60. Mars incorporates by reference its answers set forth above.

61. Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, Mars refers to the statute referenced in Paragraph 61 for the actual language and complete content. Mars otherwise denies the allegations of Paragraph 61.

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Mars denies the allegations of Paragraph 62.

63. Mars denies the allegations of Paragraph 63.

64. Mars denies the allegations of Paragraph 64.

65. Mars denies the allegations of Paragraph 65.

66. Mars denies Plaintiffs are entitled to the requested relief, and otherwise denies the allegations of Paragraph 66.

67. Mars incorporates by reference its answers set forth above.

68. Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Mars refers to the statute referenced in Paragraph 68 for the actual language and complete content. Mars otherwise denies the allegations of Paragraph 68.

69. Mars denies the allegations of Paragraph 69.

70. Mars denies the allegations of Paragraph 70.

71. Mars denies the allegations of Paragraph 71.

72. Mars denies Plaintiffs are entitled to the requested relief, and otherwise denies the allegations of Paragraph 72.

73. Mars incorporates by reference its answers set forth above.

74. Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Mars refers to the statute referenced in Paragraph 74 for the actual language and complete content. Mars otherwise denies the allegations of Paragraph 74.

75. Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, Mars denies the allegations of Paragraph 75.

76. Mars denies the allegations of Paragraph 76.

77. Mars denies the allegations of Paragraph 77.

78. Mars denies the allegations of Paragraph 78.

79. Mars denies Plaintiffs are entitled to the requested relief, and otherwise denies the allegations of Paragraph 79.

80. Mars incorporates by reference its answers set forth above.

81. Mars denies the allegations of Paragraph 81.

82. Mars denies the allegations of Paragraph 82.

83. Mars denies the allegations of Paragraph 83.

84. Mars denies the allegations of Paragraph 84.

85. Mars denies Plaintiffs are entitled to the requested relief, and otherwise denies the allegations of Paragraph 85.

86. Mars incorporates by reference its answers set forth above.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, Mars denies the allegations of Paragraph 87.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Mars lacks knowledge or information sufficient to admit or deny denies the allegations of Paragraph 88.

89. Mars denies the allegations of Paragraph 89, including subparts.

90. Mars denies the allegations of Paragraph 90.

91. Mars denies the allegations of Paragraph 91.

92. Mars denies Plaintiffs are entitled to the requested relief, and otherwise denies the allegations of Paragraph 92.

93. Mars denies Plaintiffs are entitled to any of the relief requested in Paragraph 93.

WHEREFORE, Mars denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief including subparts and respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Mars such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Mars in this matter. Mars, therefore, asserts these affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Mars may withdraw any of these affirmative defenses as it may deem appropriate. Further, Mars reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Mars demands strict proof of all claims and allegations contained in Plaintiffs' Complaint that Mars has not expressly admitted. Further answering and by way of affirmative defense, Mars states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief may be granted for a number of reasons, including but not limited to: (1) the Complaint fails to allege facts sufficient to support a conclusion that the labels on Mars's products are false or misleading, violate any federal or state labeling regulations, and/or are likely to deceive a reasonable consumer; and (2) the Complaint fails to allege facts sufficient to support a conclusion that Plaintiffs and/or putative class members suffered any injury as a result of any act or omission on the part of Mars.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and/or statute of repose because a reasonable person would have discovered the basis for Plaintiffs' claims more than three years (for the Consumers Legal Remedies Act, Cal. Civ.

Code § 1783) and more than four years (for the Unfair Competition Law, Cal. Bus. & Prof. Code § 17208) before Plaintiffs filed suit.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not reasonably rely on any allegedly misleading statements on the labels of the products at issue and therefore did not suffer any injury or any loss of money or property. Thus, Plaintiffs lack standing to bring such claims under Article III of the United States Constitution, analogous provisions of the California Constitution, the Consumers Legal Remedies Act, Cal. Civ. Code § 1780, and the Unfair Competition and False Advertising Laws, Cal. Bus. & Prof. Code §§ 17204, 17535.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are expressly or impliedly pre-empted by section 337 of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and/or the Nutritional Labeling and Education Act of 1990 ("NLEA"), 21 U.S.C. § 343-1(a).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because FDCA and NLEA permit the labeling claims at issue, thus providing a "safe harbor" from claims under the Unfair Competition Law and the Consumers Legal Remedies Act.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because equitable abstention is appropriate in this case, as it is primarily a regulatory and not a judicial function to determine guidelines for food labeling.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, pursuant to the doctrine of primary jurisdiction, the Court should decline to engage in judicial action pending administrative action by the Food and Drug Administration with respect to one or more labeling claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the qualified privilege afforded to Mars's commercial speech.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs had an alternative source of supply and were not obligated to buy the products manufactured by Mars.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the "voluntary payment" doctrine to the extent Plaintiffs continued to purchase products manufactured by Mars after they knew of or reasonably should have known of the alleged basis for their claims, including by reading the back or side label of the products allegedly purchased by Plaintiffs.

**PRAYER**

WHEREFORE, Mars prays that:

1. Plaintiffs take nothing by reason of the Complaint;
2. The Complaint against Mars be dismissed in its entirety and judgment be entered in favor of Mars;
3. Mars recovers its costs of suit and attorney's fees, under any applicable statute; and
4. The Court award such other relief as it may deem just and proper.

**DEMAND FOR JURY TRIAL**

Mars hereby demands a trial by jury.

Dated: October 5, 2015

Respectfully submitted,

By: */s/ Stephen D. Raber*
Stephen D. Raber (State Bar No. 121958)
David M. Horniak (State Bar No. 268441)
Joelle S. Perry (State Bar No. 275244)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
E-mail:  sraber@wc.com
E-mail:  dhorniak@wc.com
E-mail:  jperry@wc.com

MARS'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT – 15-cv-04454-LB

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Rosemary M. Rivas | rrivas@finkelsteinthompson.com |
| Alyssa Dang | adang@finkelsteinthompson.com |
| Joseph N. Kravec, Jr. | jkravec@fdpklaw.com |
| McKean J. Evans | mevans@fdpklaw.com |

Respectfully submitted,

By: */s/ Stephen D. Raber*
Stephen D. Raber (State Bar No. 121958)
David M. Horniak (State Bar No. 268441)
Joelle S. Perry (State Bar No. 275244)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
E-mail:  sraber@wc.com
E-mail:  dhorniak@wc.com
E-mail:  jperry@wc.com